B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Eastern District of Virginia | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Luria, Jon D.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Luria, Ellen K.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-4549** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7361** |
| Street Address of Debtor (No. and Street, City, and State):<br>**7024 Green Oak Drive**<br>**Mc Lean, VA**                     ZIP Code **22101** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**7024 Green Oak Drive**<br>**Mc Lean, VA**                     ZIP Code **22101** |
| County of Residence or of the Principal Place of Business:<br>**Fairfax** | County of Residence or of the Principal Place of Business:<br>**Fairfax** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ■ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**   THIS SPACE IS FOR COURT USE ONLY

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(4/10)                                                                                                           Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Luria, Jon D.** **Luria, Ellen K.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).  X _____  Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Luria, Jon D.**<br>**Luria, Ellen K.** |

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Jon D. Luria
_____
Signature of Debtor  **Jon D. Luria**

**X** /s/ Ellen K. Luria
_____
Signature of Joint Debtor **Ellen K. Luria**

_____
Telephone Number (If not represented by attorney)

**May 24, 2010**
_____
Date

#### Signature of Attorney*

**X** /s/ Robert M. Marino
_____
Signature of Attorney for Debtor(s)

**Robert M. Marino VSB #26076**
_____
Printed Name of Attorney for Debtor(s)

**Redmon Peyton & Braswell, LLP**
_____
Firm Name
**510 King Street**
**Suite 301**
**Alexandria, VA 22314**

_____
Address

        **Email: rmmarino@rpb-law.com**
**703-684-2000  Fax: 703-684-5109**
_____
Telephone Number

**May 24, 2010**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Eastern District of Virginia

In re **Jon D. Luria**  
**Ellen K. Luria**

Debtor(s)

Case No. _____

Chapter **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Jon D. Luria**
                          **Jon D. Luria**

Date:   **May 24, 2010**

Certificate Number: 06531-VAE-CC-009422601

# CERTIFICATE OF COUNSELING

I CERTIFY that on December 28, 2009 , at 4:09 o'clock PM CST ,

Jon D Luria received from

Allen Credit and Debt Counseling Agency ,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Eastern District of Virginia , an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared . If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet .

Date: December 28, 2009        By     /s/Sharon Schroeder

                               Name   Sharon Schroeder

                               Title  Credit Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Eastern District of Virginia

In re   **Jon D. Luria**
         **Ellen K. Luria**

                        Debtor(s)

Case No. _____

Chapter   **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Ellen K. Luria**
                       **Ellen K. Luria**
Date:  **May 24, 2010**

Certificate Number:  06531-VAE-CC-009429588

# CERTIFICATE OF COUNSELING

I CERTIFY that on December 29, 2009, at 9:15 o'clock AM CST,

Ellen K Luria received from

Allen Credit and Debt Counseling Agency,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Eastern District of Virginia, an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet.

Date: December 29, 2009         By     /s/Sharon Schroeder

                                Name   Sharon Schroeder

                                Title   Credit Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency.  See 11 U.S.C. §§ 109(h) and 521(b).

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### Eastern District of Virginia

In re   **Jon D. Luria,**                                      Case No. _____

        **Ellen K. Luria**

_____,          Chapter_____**7**_____

                              Debtors

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 5,000,000.00 | | |
| B - Personal Property | Yes | 16 | 60,673.17 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 7,332,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 296,865.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 14,390,193.72 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 0.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 26,709.53 |
| Total Number of Sheets of ALL Schedules | | 31 | | | |
| Total Assets | | | 5,060,673.17 | | |
| Total Liabilities | | | | 22,019,058.72 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### Eastern District of Virginia

In re   **Jon D. Luria,**
       **Ellen K. Luria**

Case No. _____

                            Debtors

Chapter_____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    **Jon D. Luria,**                                                            Case No. _____
         **Ellen K. Luria**
_____,
                        Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Residence located at 7024 Green Oak Drive, McLean VA 22101** | **fee simple** | **J** | **5,000,000.00** | **6,932,000.00** |
| **Ellen Luria holds title to a one-third interest in a condominium located at 701 Southwest 141st Avenue, Pembroke Pines, Florida, along with her sisters Caryn Kauffman and Amy Michaels. This property was part of the estate of Muriel Slater referenced elsewhere in these schedules.  Ellen Luria and her two sisters are equal beneficiaries in the Muriel Slater estate, although Ellen has taken a larger portion of the liquid proceeds, which may impact on her interest in the real estate.** | | **W** | **Unknown** | **0.00** |

|  |  |
|---|---|
| Sub-Total > | **5,000,000.00** | (Total of this page) |
| Total > | **5,000,000.00** | |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re **Jon D. Luria,**
    **Ellen K. Luria**
                                      ,
                     Debtors

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

    Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account located at Cardinal Bank (Account number ending in 4584)** | W | 27.05 |
| | | **Checking account located at Chain Bridge Bank, McLean, VA (Account number ending in 4692)** | H | 71.12 |
| | | **Ellen Luria holds a joint interest in a bank account with her two sisters, Caryn Kauffman and Amy Michaels, at Bank of America (Account No. ending in 7233). The funds on deposit in the account (approximately $20,000) represent monies inherited from the estate of Muriel Slater, a deceased cousin. The value of Ellen's interest in the account has been determined by calculating one-third of the total amount deposited over the life of the account and subtracting all amounts withdrawn by Ellen over the life of the account. All funds withdrawn by Ellen were used to pay living expenses. To the extent that the co-owners of the account have not taken withdrawals at the same rate as Ellen, the size of their interests therein negate any remaining interest that Ellen might have. As such, her interest in the account is zero.** | W | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **All furniture, audio/video equipment (See attached Exhibit B-4)** | J | 12,875.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **various books and items of art (See attached Exhibit B-5)** | J | 21,700.00 |
| 6. Wearing apparel. | | **Varous items of wearing apparel (See attached Exhibit B-6)** | J | 6,000.00 |

                                                  Sub-Total >      **40,673.17**
                                              (Total of this page)

__4__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re      **Jon D. Luria,**                                                     Case No. _____
           **Ellen K. Luria,**
                                                                     ,
                                    Debtors
# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 7. Furs and jewelry. | | **Various items of furs and jewelry (See attached Exhibit B-7)** | **J** | **16,600.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **golf clubs and cameras (See attached Exhibit B-8)** | **J** | **2,400.00** |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Membership interest in Jade Birchwood City, LLC** | **J** | **0.00** |
| | | **Membership interest in JPR, LLC** | **H** | **1,000.00** |
| | | **Membership interest in The View at Ridge Road, LLC** | **J** | **0.00** |
| | | **Membership interest in Jade Acquia, LLC** | **J** | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Sub-Total >      **20,000.00**
(Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Jon D. Luria,**                                                    Case No. _____
        **Ellen K. Luria**
_____,
                          Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Ellen K. Luria and her children are co-beneficiaries under a spendthrift trust established April 9, 1997 under Maryland law by Lynne Kauffman and Julius Kauffman. Income from the trust may be used for the maintenance, support, health, education, welfare and comfort of the beneficiaries. The trustees of the trust are Amy K. Michaels and Caryn B. Kauffman. The trustees have absolute discretion whether or not to distribute income or principal to the beneficiaries of the trust. The Debtors continue to rely upon this trust for their ongoing living expenses, but do so at the discretion of the trustees of the trust.** | **J** | **Unknown** |
| | | **Ellen K. Luria is a co-trustee under a spendthrift trust established by Lynne Kauffman and Julius Kauffman on April 9, 1997 under Maryland law for the benefit of Amy K. Michaels.** | **J** | **0.00** |
| | | **Ellen K. Luria is a co-trustee under a spendthrift trust established by Lynne Kauffman and Julius Kauffman on April 9, 1997 under Maryland law for the benefit of Caryn B. Kauffman.** | **J** | **0.00** |
| | | **Ellen K. Luria is a one-third future beneficiary of a spendthrift "Family Trust" established January 31, 1992 under Maryland law by Julius Kauffman. Lynne Kauffman is the sole beneficiary of the Family Trust during her lifetime and the trustee of the trust has discretion to distribute principal to or for the benefit of Lynne Kauffman for her maintenance, support and health for as long as she continues to live. Upon the death of Lynne Kauffman, the Family Trust assets are to be divided in equal shares between Ellen K. Luria and her two sisters.** | **J** | **Unknown** |

Sub-Total >     **0.00**
(Total of this page)

Sheet __2__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Jon D. Luria,**                                                              Case No. _____
        **Ellen K. Luria**
                                                                          ,
                                        Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Ellen Luria is a one-third beneficiary (along with sisters Caryn Kauffman and Amy Michaels) of any additional funds that might be distributed by the estate of Muriel Slater, a deceased cousin.  It is believed that the estate has distributed all assets to the beneficiaries and that no further funds will be forthcoming from the estate.  Ellen Luria has received approximately $172,000 in distributions from the estate for the period from June 2009 through April 2010, all of which have been used for living expenses.** | **W** | **Unknown** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **One (1) rat terrier** | **J** | **Unknown** |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >          **0.00**
(Total of this page)

Sheet  __3__  of  __4__  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re      **Jon D. Luria,**                                                    Case No. _____
           **Ellen K. Luria**
           _____,
                              Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Sub-Total > | **0.00** |
| (Total of this page) | |
| Total > | **60,673.17** |

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

# APPRAISAL REPORT
## OF THE PROPERTY OF

## JOHN D. LURIA AND ELLEN K. LURIA

### 7024 GREEN OAK DRIVE
### McLEAN, VIRGINIA 22101

## THE ESTIMATED LIQUIDATION VALUE COMPARATIVE IS

### $12,875.00

## PREPARED ON

## SEPTEMBER 16, 2008

## BY

### WILLIAM P. WESCHLER, JR.
### PRESIDENT
### ADAM A. WESCHLER & SON, INC.
### ACCREDITED SENIOR MEMBER
### AMERICAN SOCIETY OF APPRAISERS

## PRESENTED ON

## SEPTEMBER 24, 2008



EXHIBIT

B-4

# WESCHLER'S

### Auctioneers and Appraisers Since 1890

### APPRAISAL CERTIFICATE

I, William P. Weschler, Jr., President, Adam A. Weschler & Son, Inc., a corporation duly incorporated under the laws of the State of Delaware, do hereby:

### CERTIFY

that I have made an examination and appraisal of certain tangible personal property located at 7024 Green Oak Drive, McLean, Virginia, on September 16, 2008, and exhibited to me as the property of:

### JOHN D. LURIA AND ELLEN K. LURIA

as herein itemized and described in the appraisal documents complementing this certificate.

I accordingly find the Liquidation Value of the Personal Property to be TWELVE THOUSAND EIGHT HUNDRED SEVENTY-FIVE DOLLARS AND NO CENTS, ($12,875.00), as of September 16, 2008. Liquidation Value is the most probable price in terms of cash, or other precisely revealed terms, for which the property would change hands if sold immediately, without regard to relevant market place.

I hereby certify that I have impartially valued the property shown on this appraisal to the best of my skill and judgment, the 24th day of September, 2008, Washington, D.C.

*William P. Weschler*

William P. Weschler, Jr., President
Adam A. Weschler & Son
Accredited Senior Appraiser
American Society of Appraisers

# LIQUIDATION APPRAISAL
## OF THE
## PROPERTY OF

### JOHN D. LURIA AND ELLEN K. LURIA

7024 Green Oak Drive
McLean, Virginia

September 16, 2008

1

|  | Current Liquidation Value $ |
|---|---|
| Yamaha mahogany parlor grand piano and bench, circa 1979.<br>Serial no. 2848220<br>L: 5 feet 3 inches | 1,500.00 |
| Sony Plasma flat screen 42-inch wall-mounted TV, circa 2001. | 300.00 |
| Sony ceiling mounted multi-scan theatre projector, model VPH-D50HT. | 300.00 |
| Electronic component set by Apogee, consisting of: a seven-channel amplifier model RDA-7, an AV controller model RDC-7, a DVD audio/ video player model RDV-1. | 300.00 |
| Brunswick 'Buckingham' slate 8-foot pool table. | 300.00 |
| Modern stained fruitwood and tan leatherette octagonal card table. | 100.00 |
| Sony Bravia 42-inch high definition flat screen wall-mounted TV. | 300.00 |
| Contemporary purple upholstered four-sectional corner sofa unit with pillows. | 300.00 |
| Modern triple glass sculpture base octagonal cocktail table. | 300.00 |
| Weslo 'Pursuit' 720S exercise bike. | 150.00 |
| NordicTrack model CXT910 eliptical exercise machine. | 150.00 |

# LIQUIDATION APPRAISAL
## OF THE
## PROPERTY OF

### JOHN D. LURIA AND ELLEN K. LURIA

7024 Green Oak Drive
McLean, Virginia

September 16, 2008

2

| | Current Liquidation Value $ |
|---|---|
| Proform Cross Walk treadmill. | 150.00 |
| Jack La Lane barbell bench with a set of weights. | 150.00 |
| Panasonic 19-inch color TV. | 25.00 |
| Apple laptop computer and an Epson Stylus photo model R1900 inkjet printer. | 100.00 |
| Chippendale style inlaid walnut extension dining table with two leaves, maker Century, modern. | 500.00 |
| Set of twelve modern olive green floral brocade upholstered chairs, eight with tasseled bolsters and four with champagne and floral printed bolsters. | 500.00 |
| Georgian style mahogany beveled glazed double-door mirrored back corner cabinet, modern. | 300.00 |
| Louis XV style fruitwood and upholstered glazed panel three-panel screen, modern. | 500.00 |
| Pickled wicker glass-top dinette table with six rattan and wicker armchairs, modern. | 500.00 |
| French style brass trimmed gray painted wrought-iron glass top four-tier baker's rack, modern. | 500.00 |
| Mitsubishi 25-inch color TV. | 25.00 |
| Contemporary 'Iris' printed four-section corner sofa unit. | 200.00 |

# LIQUIDATION APPRAISAL
## OF THE
## PROPERTY OF

## JOHN D. LURIA AND ELLEN K. LURIA

7024 Green Oak Drive
McLean, Virginia

September 16, 2008

3

|  | Current Liquidation Value $ |
|---|---|
| Modern painted and decorated pink ground bench, signed Michael Ives and dated ©1989. | 200.00 |
| Group of three glass-top tables, modern, consisting of: | |
| 1) a rectangular glass top with white painted column-form double pedestal, | 150.00 |
| 2) a square glass-top painted base composition Doric column pedestal base, | 100.00 |
| 3) a round glass-top aluminum trefoil, | 50.00 |
| Modern beige upholstered two-cushion sofa with pillows by Baker Furniture, modern. | 300.00 |
| Rococo style gold wrought-iron round glass-top cocktail table with mottled green marble stretcher shelf. | 200.00 |
| Pair of Neoclassical style mahogany finish rose and beige striped upholstered armchairs by Baker Furniture, modern. | 150.00 |
| Modern champagne striped upholstered window seat with two bolsters. | 100.00 |
| Pair of Neoclassical style ebonized wood and brass tone four-tier demilune console tables, modern. | 100.00 |
| Modern painted, decorated and faux grain painted single-drawer side table. | 100.00 |

# LIQUIDATION APPRAISAL
## OF THE
## PROPERTY OF

## JOHN D. LURIA AND ELLEN K. LURIA

7024 Green Oak Drive
McLean, Virginia

September 16, 2008

4

|  | Current Liquidation Value $ |
|---|---|
| Pair of Modern rose 'leaf' printed upholstered armless side chairs with brocade pillows. | 100.00 |
| Chippendale style mahogany and faux gilt tooled leatherette inset desk, maker Hekman, modern. | 150.00 |
| Chippendale style mahogany finish beige 'leaf' printed upholstered wing-armchair, modern. | 100.00 |
| Louis XV style fruitwood floral and column-striped printed upholstered rose ground fauteuil, modern. | 150.00 |
| Apple flat screen computer with speaker and keyboard. | 100.00 |
| Neoclassical style pickled wood four-piece bedroom set by Stanley Furniture, modern, consisting of: a double bedstead, a pair of beige marble top chests of three drawers and an armoire. | 500.00 |
| RCA 20-inch color television. | 25.00 |

# LIQUIDATION APPRAISAL
## OF THE
## PROPERTY OF

### JOHN D. LURIA AND ELLEN K. LURIA

7024 Green Oak Drive
McLean, Virginia

September 16, 2008

5

| | Current Liquidation Value $ |
|---|---|
| Neoclassical style cherry four-piece assembled bedroom set, modern, consisting of: | |
| 1) a mahogany king-size 'sleigh' bed, | 300.00 |
| 2) a pair of slate-top double panel door and glazed side panel side cabinets, | 500.00 |
| 3) a faux black marble-top three-drawer night stand, | 50.00 |
| 4) a pair of Louis XV style mahogany armoires, | 1,000.00 |
| 5) a pair of black upholstered lounge chairs, | 100.00 |
| 6) a Sony Trinitron 32-inch color television. | 50.00 |
| Art Deco style partial silver and cherry five-piece bedroom set, modern, consisting of: a double bedstead, a pair of bow-front chests of two drawers, a double dresser with mirror and a chifferobe. | 500.00 |
| Neoclassical style round glass-top silvered wood gueridon, modern. | 50.00 |
| Maytag Neptune washer and dryer. | 300.00 |
| | **$12,875.00** |

Exhibit B-5

| **Art** | | **Value** |
|---|---|---|
| Dining Room | 1- Vassaraly Lithogragh | $1,000 |
| | 1- Boulanger Lithograph | $400 |
| | 2- Prints | $400 |
| Foyer | 1- Painting | $600 |
| | 1- Boulanger Lithograph | $500 |
| Hall | 1- Kitchell Lithogragh | $700 |
| | 6- Meader Lithographs | $1,500 |
| | 4- Lithographs | $2,000 |
| | 1- Agam Lithograph | $700 |
| | 1- Spanish Lithograph | $1,000 |
| Great Room | 1- Dali Lithograph | $500 |
| Living Room | 1- Boulanger Lithograph | $500 |
| | 1- Chagall labeled Lithograph | $1,000 |
| | 3- Lithographs | $1,500 |
| Sun Room | 1- Poster | $200 |
| Bedroom #1 | 1-Poster | $200 |
| Lower Level | 5- Screen Prints | $1,000 |
| | 4- Paintings | $4,000 |
| Upper Level | 10- Posters | $1,000 |
| **Books** | | |
| Library | Misc Books | $2,000 |
| | | |
| **Compact Disc:** | Misc music CD's | $1,000 |
| | | |
| **Total** | | $21,700 |

**Exhibit B-6**

| Wearing Apparel | Value |
| --- | --- |
| Mens Clothes | $2,000 |
| Womans Clothes | $4,000 |
| Total | $6,000 |

**Exhibit B-7**

| Jewlery | | Value |
|---|---|---|
| Mens Jewlery | 1- Adamar Piquet watch | $2,000 |
| | 1- Cartier watch | $800 |
| | 3- misc watches | $300 |
| | misc rings | $600 |
| Womens Jewlery | 1- Diamond engagement ring | $10,000 |
| | 1- Diamond earrings | $800 |
| | 1- Gold necklace | $600 |
| | misc jewlery | $1,500 |
| | | |
| Total | | $16,600 |

**Exhibit B-8**

|  | Value |
|---|---|
| 2- Set of Mens golf clubs | $1,000 |
| 1- Set of Womens golf clubs | $400 |
| 2- Digital camers | $500 |
| 2- 1990's Nikon cameras | $500 |
| Total | $2,400 |

B6C (Official Form 6C) (4/10)

.

In re    **Jon D. Luria,**                                    Case No. _____
         **Ellen K. Luria**
_____ ,
                            Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                               $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                        *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **Ellen K. Luria and her children are co-beneficiaries under a spendthrift trust established April 9, 1997 under Maryland law by Lynne Kauffman and Julius Kauffman. Income from the trust may be used for the maintenance, support, health, education, welfare and comfort of the beneficiaries. The trustees of the trust are Amy K. Michaels and Caryn B. Kauffman. The trustees have absolute discretion whether or not to distribute income or principal to the beneficiaries of the trust. The Debtors continue to rely upon this trust for their ongoing living expenses, but do so at the discretion of the trustees of the trust.** | **Va. Code Ann. § 55-19** | **Unknown** | **Unknown** |
| **Ellen K. Luria is a one-third future beneficiary of a spendthrift "Family Trust" established January 31, 1992 under Maryland law by Julius Kauffman. Lynne Kauffman is the sole beneficiary of the Family Trust during her lifetime and the trustee of the trust has discretion to distribute principal to or for the benefit of Lynne Kauffman for her maintenance, support and health for as long as she continues to live. Upon the death of Lynne Kauffman, the Family Trust assets are to be divided in equal shares between Ellen K. Luria and her two sisters.** | **Va. Code Ann. § 55-19** | **Unknown** | **Unknown** |
| **Animals** | | | |
| **One (1) rat terrier** | **Va. Code Ann. § 34-26(5)** | **Unknown** | **Unknown** |
| **Other Exemptions** | | | |
| **One (1) Diamond engagement ring** | **Va. Code Ann. § 34-26(1a)** | **10,000.00** | **10,000.00** |
| **Men's clothes (H)** | **Va. Code Ann. § 34-26(4)** | **2,000.00** | **2,000.00** |
| **Woman's clothes (W)** | **Va. Code Ann. § 34-26(4)** | **2,000.00** | **4,000.00** |
| **Furniture (Exhibit B-4)** | **Va. Code Ann. § 34-26(4a)** | **10,000.00** | **12,875.00** |

                                                          Total:    **24,000.00**        **28,875.00**

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

**B6D (Official Form 6D) (12/07)**

In re    **Jon D. Luria,**
         **Ellen K. Luria,**

Case No. _____

Debtors ,

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxxx1903** <br><br> **GMAC Mortgage** <br> **3451 Hammond Ave.** <br> **Waterloo, IA 50704** | | J | 12/10/2001 <br><br> **First Deed of Trust** <br><br> **Residence located at 7024 Green Oak Drive, McLean VA 22101** | | | | | |
| | | | Value $              **5,000,000.00** | | | | 4,525,000.00 | 0.00 |
| Account No. **n/a** <br><br> **Lynne Kauffman** <br> **c/o Barry F. Levin, Esq.** <br> **500 E. Pratt Street, #900** <br> **Baltimore, MD 21202-3133** | | J | 12/10/2001 <br><br> **Third Deed of Trust** <br><br> **Residence located at 7024 Green Oak Drive, McLean VA 22101** | | | | | |
| | | | Value $              **5,000,000.00** | | | | 422,000.00 | 197,000.00 |
| Account No. **n/a** <br><br> **Lynne Kauffman** <br> **c/o Barry F. Levin, Esq.** <br> **500 E. Pratt Street, #900** <br> **Baltimore, MD 21202-3133** | | J | 1/31/2007 and 6/1/2007 <br><br> **security interest in all personal property** <br><br> **All furniture, audio/video equipment (See attached Exhibit B-4)** | | | | | |
| | | | Value $              **12,875.00** | | | | 400,000.00 | 387,125.00 |
| Account No. <br><br> **Trisun Financial** <br> **1777 Reisterstown Rd., #135E** <br> **Pikesville, MD 21208** | | J | 9/30/2003 <br><br> **Fourth Deed of Trust** <br><br> **Residence located at 7024 Green Oak Drive, McLean VA 22101** | | | | | |
| | | | Value $              **5,000,000.00** | | | | 1,735,000.00 | 1,735,000.00 |
| __1__    continuation sheets attached | | | Subtotal <br> (Total of this page) | | | | 7,082,000.00 | 2,319,125.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re **Jon D. Luria,**
     **Ellen K. Luria**

Case No. _____

_____,

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **tbd** <br><br> **Wilson Investment Co.** <br> **683 S. Alfred St.** <br> **Alexandria, VA 22314** | | J | **5/17/1999 and 1/30/2001** <br><br> **Second Deed of Trust** <br><br> **Residence located at 7024 Green Oak Drive, McLean VA 22101** <br> Value $              **5,000,000.00** | | | | **250,000.00** | **0.00** |
| Account No. | | | <br><br><br><br> Value $ | | | | | |
| Account No. | | | <br><br><br><br> Value $ | | | | | |
| Account No. | | | <br><br><br><br> Value $ | | | | | |
| Account No. | | | <br><br><br><br> Value $ | | | | | |

Sheet  1  of  1   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | **250,000.00** | **0.00** |
| Total <br> (Report on Summary of Schedules) | **7,332,000.00** | **2,319,125.00** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6E (Official Form 6E) (4/10)

.

In re    **Jon D. Luria,**
         **Ellen K. Luria**                                              Case No. _____

                                           Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

     A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

     The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

     If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

     Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

     Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

     Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

     Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

     Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

     Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

     Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

     Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

     Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

     Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

     Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

     Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

         __1__    continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re **Jon D. Luria,**   **Ellen K. Luria**          Case No. _____

                                           Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Commonwealth of Virginia Department of Taxation Legal Unit, P.O. Box 2156 Richmond, VA 23218** | | J | **Notice purposes only**<br><br><br><br>0.00 | | | | <br><br><br><br>0.00 | 0.00<br><br><br>0.00 |
| Account No.<br><br>**Internal Revenue Service 400 N. 8th St., Box 76 Stop Room 898 Richmond, VA 23219** | | J | **FY2003**<br><br>**2003 income taxes assessed May 2008**<br><br>61,679.00 | | | | | 0.00<br><br><br>61,679.00 |
| Account No.<br><br>**Internal Revenue Service 400 N. 8th St., Box 76 Stop Room 898 Richmond, VA 23219** | | J | **FY 2004**<br><br>**2004 income taxes assessed May 2008**<br><br>235,186.00 | | | | | 0.00<br><br><br>235,186.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00<br>296,865.00 | 296,865.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00<br>296,865.00 | 296,865.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6F (Official Form 6F) (12/07)

In re   **Jon D. Luria,**
        **Ellen K. Luria**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | | | |
| Account No. **American Express** P.O. Box 1270 Newark, NJ 07101-1270 | | J | | | 10/30/08 credit card | | | 22,801.00 |
| Account No. **American Motorists Insur. Co.** c/o Elizer & Meyerson, LLC 900 Skokie Blvd., #100 Northbrook, IL 60062 | | J | | | April 2006 guaranty of business debt | | | 766,813.33 |
| Account No. **Aquia Duck, LLC** c/o Chesapeake Management 1066 30th St. Washington, DC 20007 | | J | | | June 2007 Business debt | X | X | 1,850,000.00 |
| Account No. **Burgess & Niple, Inc.** c/o Carrie Frank, Esq. 9200 Church St., #400 Manassas, VA 20110 | | H | | | 12/01/08 Business debt | | | 25,000.00 |

__4__ continuation sheets attached

Subtotal
(Total of this page)     **2,664,614.33**

B6F (Official Form 6F) (12/07) - Cont.

In re **Jon D. Luria,**                        Case No. _____
         **Ellen K. Luria**
                                            ,
                             Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | 1/1/09 credit card | | | | |
| **Capital One** **P.O. Box 71083** **Charlotte, NC 28272** | | J | | | | | 7,527.86 |
| Account No. | | | 1/1/09 credit card | | | | |
| **Capital One** **P.O. Box 71083** **Charlotte, NC 28272** | | J | | | | | 3,488.53 |
| Account No. | | | October 2008 Business debt | | | | |
| **Design Physics** **c/o Wayland Hundley, Esq.** **P. O. Box 14568** **Richmond, VA 23221** | | H | | X | X | X | 20,000.00 |
| Account No. | | | 4/8/08 Legal fees | | | | |
| **Dimuro Ginsberg, P. C.** **908 King. Street, #200** **Alexandria, VA 22314** | | J | | | | | 176,922.00 |
| Account No. | | | August 2008 guaranty of office lease running from August 2008 through August 2011 | | | | |
| **Gosnell Properties, Inc.** **8130 Boone Blvd.** **Vienna, VA 22182** | | J | | X | X | | Unknown |

Sheet no. __1__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                    Subtotal              | 207,938.39
                              (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re    **Jon D. Luria,**
         **Ellen K. Luria**
_____,
                        Debtors

Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | | 6/30/05 Guaranty of business debt | | | | |
| John Bennison 560 N Street, S.W. #N8909 Washington, DC 20024 | | J | | | | | | | 220,000.00 |
| Account No. | | | | | December 2009 Insurance premiums | | | | |
| Kemper Insurance Co. c/o Elliot Jay Mardsen, Esq. 1 N. Charles St., #2300 Baltimore, MD 21201 | | J | | | | X | X | | 131,609.00 |
| Account No. | | | | | June 2007 Business debt | | | | |
| Lara, Shull & May, LLP c/o Chesapeake Management 1066 30th St. Washington, DC 20007 | | J | | | | | | | 1,850,000.00 |
| Account No. | | | | | August 2009 Legal fees | | | | |
| Leach, Travell, Britt, P.C. 8270 Greensboro Drive, #1050 Mc Lean, VA 22102 | | H | | | | | | | 26,000.00 |
| Account No. | | | | | February 2009 Legal fees | | | | |
| Reed Smith LLP 3110 Fairview Park Drive Falls Church, VA 22042 | | J | | | | | | | 173,922.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,401,531.00

B6F (Official Form 6F) (12/07) - Cont.

In re  **Jon D. Luria,**
       **Ellen K. Luria**

Case No. _____

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. **n/a** <br><br> **Robert Koenig** <br> **c/o Gerald Chapman** <br> **P.O. Box 5901** <br> **Bethesda, MD 20824** | | J | | | **June 2003** <br> **Guaranty of business debt** | | | | 750,000.00 |
| Account No. **n/a** <br><br> **Stanley Smith** <br> **c/o Gerald Chapman** <br> **P.O. Box 5901** <br> **Bethesda, MD 20824** | | J | | | **June 2003** <br> **Guaranty of business debt** | | | | 750,000.00 |
| Account No. <br><br> **United States Surety Co.** <br> **20 W. Aylesbury Rd.** <br> **Perryville, MD 21903** | | J | | | **5/29/08** <br> **Judgment relating to Guaranty of bond obligation** | | | | 500,000.00 |
| Account No. **n/a** <br><br> **Vinod & Eileen Rustgi** <br> **c/o Brian Loffredo, Esq.** <br> **8171 Maple Lawn Blvd., #200** <br> **Fulton, MD 20759** | | H | | | **3/01/08** <br> **Business debt** | | | | 22,900.00 |
| Account No. <br><br> **Webster Realty Co.** <br> **c/o Thomas Stanton, Esq.** <br> **221 S. Fayette St.** <br> **Alexandria, VA 22314** | | H | | | **9/21/07** <br> **business debt** | | | | 43,210.00 |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**2,066,110.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Jon D. Luria,**
        **Ellen K. Luria**                                                         Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **n/a**<br><br>**Westbriar Condominium Assoc.**<br>**c/o Select Community Svs., LLC**<br>**PO Box 221350**<br>**Chantilly, VA 20153** | | J | | **12/01/07**<br>**Judgment** | | | | **5,816,000.00** |
| Account No.<br><br>**Wilson Investment Co.**<br>**683 S. Alfred St.**<br>**Alexandria, VA 22314** | X | H | | **September 2004**<br>**Guaranty of business debt (upon information and belief, Wilson purchased original note from M&T Bank)** | X | X | | **984,000.00** |
| Account No. **n/a**<br><br>**Wilson Investment Co.**<br>**683 S. Alfred St.**<br>**Alexandria, VA 22314** | | H | | **December 2001**<br>**Guaranty** | X | X | | **250,000.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __4__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | **7,050,000.00** |
| | Total<br>(Report on Summary of Schedules) | **14,390,193.72** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com
Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re    **Jon D. Luria,**                                                           Case No. _____
          **Ellen K. Luria**

_____,
                              Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Audi Financial Services**<br>**P.O. Box 17497**<br>**Baltimore, MD 21297** | **Automobile lease.  JPR, LLC is the contractual lessee, but John Luria pays the monthly rental because he and/or Ellen Luria drive the vehicle. The payments are reflected in the Statement of Financial Affairs submitted with these Schedules. The Lease does not constitute an asset of the estate, but is provided for information purposes only.** |
| **Gosnell Properties, Inc.**<br>**8130 Boone Blvd.**<br>**Vienna, VA 22182** | **Commercial office lease.  The contractual tenant is Jade Birchwood City, LLC, but John Luria pays the rent because (i) Jade Birchwood City, LLC, has no substantial income, and (ii) John Luria physically occupies the office space.  The lease does not constitute an asset of the estate and is listed for information purposes only.** |
| **Mercedes-Benz Financial**<br>**P. O. Box 9001680**<br>**Louisville, KY 40290** | **Automobile lease.  JPR, LLC is the contractual lessee, but John Luria pays the monthly rental because he and/or Ellen Luria drive the vehicle. The payments are reflected in the Statement of Financial Affairs submitted with these Schedules. The Lease does not constitute an asset of the estate, but is provided for information purposes only.** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Jon D. Luria,**
       **Ellen K. Luria**

Case No. _____

_____,
Debtors

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Jade Birchwood City, LLC**<br>**8230 Old Courthouse Road, #205**<br>**Vienna, VA 22182** | **Wilson Investment Co.**<br>**683 S. Alfred St.**<br>**Alexandria, VA 22314** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com        Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re  **Jon D. Luria**
       **Ellen K. Luria**
                                    Case No. _____
_____
       Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **unemployed** | **unemployed** |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ | 0.00 |
| b. Insurance | $ | 0.00 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | | 0.00 |
| 8. Income from real property | $ | 0.00 | | 0.00 |
| 9. Interest and dividends | $ | 0.00 | | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 0.00 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 0.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re    **Jon D. Luria**
**Ellen K. Luria**                                                    Case No. _____
                         Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 15,051.56 |
| a. Are real estate taxes included?          Yes ____          No __X__ | | |
| b. Is property insurance included?          Yes ____          No __X__ | | |
| 2. Utilities:          a. Electricity and heating fuel | $ | 1,340.00 |
| b. Water and sewer | $ | 101.79 |
| c. Telephone | $ | 459.76 |
| d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 500.00 |
| 4. Food | $ | 1,000.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 200.00 |
| 8. Transportation (not including car payments) | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 1,000.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 608.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 1,746.00 |
| d. Auto | $ | 615.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 1,587.42 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 2,000.00 |
| 17. Other | $ | 0.00 |
| Other | $ | 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 26,709.53 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 0.00 |
| b.    Average monthly expenses from Line 18 above | $ | 26,709.53 |
| c.    Monthly net income (a. minus b.) | $ | -26,709.53 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of Virginia

In re    **Jon D. Luria**
     **Ellen K. Luria**

                              Debtor(s)

Case No. _____

Chapter    **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    **32**    sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **May 24, 2010** _____      Signature    **/s/ Jon D. Luria** _____

                                                           **Jon D. Luria**
                                                           Debtor

Date   **May 24, 2010** _____      Signature    **/s/ Ellen K. Luria** _____

                                                           **Ellen K. Luria**
                                                           Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Jon D. Luria**
     **Ellen K. Luria**

Case No.

Debtor(s)      Chapter     **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$0.00** | **2010** |
| **$65,000.00** | **2009  Husband Business Income** |
| **$197,214.00** | **2008: Husband Business Income** |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | **Debtors have received distributions from inheritances and trusts over the past two years, none of which are considered income** |

**3. Payments to creditors**

None ■

***Complete a. or b., as appropriate, and c.***

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See attachment SOFA 3b** | | **$0.00** | **$0.00** |

None ■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Frank Jones v. Jon D. Luria, Case No. 0601-0017894-2007** | **Civil** | **District Court of Montgomery County, Maryland** | **Dismissed** |
| **United States Surety Company v. Jon D. Luria & Ellen K. Luria, Case No. 85602** | **Civil** | **Circuit Court of Fairfax County, Virginia** | **Judgment entered** |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Leach Travell Britt, PC v. Jon D. Luria, Case No. CL2009-0012283** | **Civil** | **Circuit Court of Fairfax County, Virginia** | **Pending** |
| **Design Physics v. Jon D. Luria, Case No. H145CL08000131-00** | **Civil** | **Circuit Court of Powhattan County, Virginia** | **Pending** |
| **Kemper Insurance Company v. Jon D. Luria & Ellen K. Luria** | **Civil** | **Circuit Court of Fairfax County, Virginia** | **Pending** |
| **Westbriar Condominium Association v. Jon D. Luria & Ellen K. Luria, Case No. 080515** | **Appellate** | **Supreme Court of Virginia** | **Judgment** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

4

### 7.  Gifts

None ■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.  Losses

None ■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9.  Payments related to debt counseling or bankruptcy

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Redmon Peyton & Braswell, LLP 510 King Street Suite 301 Alexandria, VA 22314** | **7/2/09** | **$510.00** |
| **Redmon Peyton & Braswell, LLP 510 King Street Suite 301 Alexandria, VA 22314** | **May 17, 2010** | **$4,799.00** |

### 10.  Other transfers

None ☐   a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Jade Birchwood City, LLC 8230 Old Courthouse Road, #205 Vienna, VA 22182    Member** | **May 2008 through April 2010** | **Jade Birchwood City, LLC, is the tenant under a commercial office lease with Gosnell Properties, Inc. John Luria occupies and uses the commercial office space.  Debtors have tendered approximately $19,300 over the two years prior to the Petition Date to Jade Birchwood to pay rent to Gosnell Properties for the use of the commercial office space.** |

None ■    b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

### 11. Closed financial accounts

None ☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **PNC Bank, N.A.**<br>**fka James Monroe Bank**<br>**3033 Wilson Blvd., #1**<br>**Arlington, VA 22201** | **Checking account with Account number ending in 7835 (zero balance at time of closing)** | **4/19/10** |

### 12. Safe deposit boxes

None ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None ■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None ☐   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |
| **Henrietta Luria**<br>**900 N. Taylor St., #1704**<br>**Arlington, VA 22202** | **Painting by Sam Gilliam** | **Debtor's Residence (Great Room)** |
| **Henrietta Luria**<br>**900 N. Taylor St., #1704**<br>**Arlington, VA 22202** | **Sculpture** | **Debtor's Residence (Foyer)** |
| **Lynne Kauffman**<br>**c/o Barry F. Levin, Esq.**<br>**500 E. Pratt Street, #900**<br>**Baltimore, MD 21202-3133** | **Sculpture** | **Debtor's Residence (Outside Foyer)** |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                          NAME USED                                          DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

   "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

   "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                              GOVERNMENTAL UNIT            NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                              GOVERNMENTAL UNIT            NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                          DOCKET NUMBER                          STATUS OR DISPOSITION

**18 . Nature, location and name of business**

None

☐
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **The Westbriar, LLC** | **542037414** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Constructed residential condominium building** | **1998-2007** |
| **Westbriar Plaza, LLC** | **710893347** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Constructed residential condominium building** | **2002-2005** |
| **Jade North Rhodes St, LLC** | **680500232** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Constructed residential condominium building** | **2003-2005** |
| **Danbury Street, LLC** | **470928334** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Contructed residential town home development** | **2004-2005** |
| **Mallard Cove, LLC** | **200156205** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Constructed residential condominium conversion building** | **2005-2006** |
| **Jade Aquia, LLC** | **203252689** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Managing member for The Villages of Aquia, LLC** | **2005-2009** |
| **The Villages of Aquia, LLC** | **203252689** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Constructed residential condominium conversion building** | **2005-2009** |
| **Jade Birchwood City, LLC** | **205894525** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Constructed residential single family development** | **2006-2010** |
| **The View at Ridge Road, LLC** | **208004058** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Constructed residential condominium conversion building** | **2007-2009** |
| **JPR, LLC** | **208470855** | **8230 Old Courthouse Road, #205 Vienna, VA 22182** | **Leases office space, former payroll entity for the various entities listed in this section** | **2007 to 4/2009** |

None

■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                    ADDRESS

8

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
■
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                        DATES SERVICES RENDERED

None
■
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                                ADDRESS                            DATES SERVICES RENDERED

None
■
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                                  ADDRESS

None
■
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                            DATE ISSUED

### 20. Inventories

None
■
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY                    INVENTORY SUPERVISOR                    DOLLAR AMOUNT OF INVENTORY
                                                                             (Specify cost, market or other basis)

None
■
b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                                            NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                                            RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None
■
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                    NATURE OF INTEREST                    PERCENTAGE OF INTEREST

None
■
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                    TITLE                    NATURE AND PERCENTAGE
                                                            OF STOCK OWNERSHIP

9

**22 . Former partners, officers, directors and shareholders**

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**25. Pension Funds.**

None ■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **May 24, 2010**                    Signature    **/s/ Jon D. Luria**
                                                         **Jon D. Luria**
                                                         Debtor

Date  **May 24, 2010**                    Signature    **/s/ Ellen K. Luria**
                                                         **Ellen K. Luria**
                                                         Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

EXHIBIT SOFA-3

**Jon Luria- PNC Account**
**Checks Written:**

**March, 2010**

| | |
|---|---|
| Visa | $500.00 |
| Cash | $695.00 |
| Visa | $800.00 |
| Jade Birchwood City, LLC | $1,600.00 |
| Dominion Va Power | $652.51 |
| Dr. Richard Peyser | $120.00 |
| Audi Financial Services | $604.64 |
| Verizon | $100.14 |
| Werizon Wireless | $194.53 |
| Cox | $254.82 |
| Geico | $517.10 |
| AAA Trash | $127.10 |
| Mercedes Financial | $1,007.42 |
| Jade Birchwood City, LLC | $1,000.00 |
| Cash | $400.00 |
| Visa | $500.00 |
| Visa | $500.00 |

**April, 2010**

| | |
|---|---|
| Visa | $500.00 |
| Jade Birchwood City, LLC | $250.00 |
| Visa | $500.00 |
| Cash | $1,000.00 |

**Jon Luria- Chain Bridge Acct**
**Checks Written:**

**April, 2010**

| | |
|---|---|
| Wilson Investment Co | $1,250.00 |
| Cash | $500.00 |
| Visa | $700.00 |
| Westwood CC | $1,286.72 |
| Wash Post | $51.12 |
| Orkin | $91.46 |
| Suburban Propane | $1,277.75 |
| Audi Financial | $604.64 |
| Mercedes Financial | $1,007.42 |
| Medtronic | $20.72 |
| Geico | $517.10 |
| Cox | $249.43 |
| Verizon | $99.70 |
| Verizon Wireless | $192.82 |
| Visa | $700.00 |
| Cash | $900.00 |

**May, 2010**

| | |
|---|---|
| Visa | $700.00 |
| Visa | $900.00 |
| McLean Animal Hospital | $182.15 |
| Wilson Investment/ C. Davis | $1,500.00 |
| Visa | $500.00 |
| Redmon, Peyton, Braswell | $4,799.00 |
| Mercedes Financial | $1,082.42 |
| Dominion Va Power | $1,109.49 |
| Verizon | $99.86 |
| Verizon Wireless | $193.48 |
| Geico | $517.10 |
| AAA Membership | $138.75 |
| Audi Financial | $604.64 |
| Cox | $254.43 |
| Anthem Insurance | $578.00 |
| | |
| Check Balance 5/18/10: | $111.80 |

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Eastern District of Virginia

In re    **Jon D. Luria**
**Ellen K. Luria**
_____
Debtor(s)

Case No. _____

Chapter    **7**

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**GMAC Mortgage** | **Describe Property Securing Debt:**<br>**Residence located at 7024 Green Oak Drive, McLean VA 22101** |

Property will be (check one):
&#9633; Surrendered          &#9632; Retained

If retaining the property, I intend to (check at least one):
&#9633; Redeem the property
&#9633; Reaffirm the debt
&#9632; Other.  Explain  __continue accruing regular monthly mortgage payments__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
&#9633; Claimed as Exempt          &#9632; Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Lynne Kauffman** | **Describe Property Securing Debt:**<br>**Residence located at 7024 Green Oak Drive, McLean VA 22101** |

Property will be (check one):
&#9633; Surrendered          &#9632; Retained

If retaining the property, I intend to (check at least one):
&#9633; Redeem the property
&#9633; Reaffirm the debt
&#9632; Other.  Explain  __continue accruing regular monthly mortgage payments__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
&#9633; Claimed as Exempt          &#9632; Not claimed as exempt

B8 (Form 8) (12/08)                                                                                    Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Lynne Kauffman** | **Describe Property Securing Debt:**<br>**All furniture, audio/video equipment (See attached Exhibit B-4)** |

Property will be (check one):

☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain  __will work out repayment plan with creditor__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Trisun Financial** | **Describe Property Securing Debt:**<br>**Residence located at 7024 Green Oak Drive, McLean VA 22101** |

Property will be (check one):

☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain  __continue accruing regular monthly mortgage payments__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                    ■ Not claimed as exempt

B8 (Form 8) (12/08)                                                                                          Page 3

| Property No. 5 | |
|---|---|
| **Creditor's Name:**<br>**Wilson Investment Co.** | **Describe Property Securing Debt:**<br>**Residence located at 7024 Green Oak Drive, McLean VA 22101** |

Property will be (check one):

&#9633; Surrendered     &#9632; Retained

If retaining the property, I intend to (check at least one):

&#9633; Redeem the property
&#9633; Reaffirm the debt
&#9632; Other.  Explain  __**continue paying monthly mortgage payments**__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):

&#9633; Claimed as Exempt     &#9632; Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>&#9633; YES   &#9633; NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  __**May 24, 2010**__    Signature  __**/s/ Jon D. Luria**__
                 **Jon D. Luria**
                 Debtor

Date  __**May 24, 2010**__    Signature  __**/s/ Ellen K. Luria**__
                **Ellen K. Luria**
                 Joint Debtor

Form B203                                                                          2005 USBC, Eastern District of Virginia

# United States Bankruptcy Court
### Eastern District of Virginia

In re **Jon D. Luria**
**Ellen K. Luria**
_____          Case No. _____
                                        Debtor(s)   Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services and costs, I have agreed to accept a flat fee of | $ | **4,799.00** |
    | Prior to the filing of this statement I have received the flat fee of | $ | **4,799.00** |
    | Balance Due | $ | **0.00** |

2.  $  **299.00**   of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☒ Debtor          ☐ Other *(specify)*

4.  The source of compensation to be paid to me is:

    ☒ Debtor          ☐ Other *(specify)*

5.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    interviewing Debtors to determine financial information relevant to the preparation of this Chapter 7 bankruptcy case; preparing and filing the petition, schedules, statement of financial affairs and other bankruptcy forms relevant to the commencement and prosecution of the Chapter 7 case; reviewing all pleadings and documents with the Debtors; attending any meeting of creditors to be scheduled in the Chapter 7 case, including any continuance(s) thereof; fielding and responding to inquiries from creditors with respect to the Chapter 7 case; responding to any inquiries, including requests for information, from the Trustee appointed in the Chapter 7 case or the Office of the United States Trustee.

7.  By agreement with the debtor, the above-disclosed fee does not include the following services: the commencement and prosecution or the defense of any adversary proceeding or contested matter in the debtor's bankruptcy case, including, but not limited to, proceedings relating to the granting of a discharge or the dischargeability of any debt.  Any such work will require an additional engagement letter prior to expanding the scope of services.

Form B203 - Continued                                                    2005 USBC, Eastern District of Virginia

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

May 24, 2010

**Robert M. Marino**
*Signature of Attorney*

**Redmon Peyton & Braswell, LLP**
*Name of Law Firm*
**510 King Street**
**Suite 301**
**Alexandria, VA 22314**
**703-684-2000  Fax: 703-684-5109**

---

*For use in Chapter 13 Cases where Fees Requested Not in Excess of $3,000*
*(For all Cases Filed on or after 10/17/2005)*

### NOTICE TO DEBTOR(S) AND STANDING TRUSTEE
### PURSUANT TO INTERIM PROCEDURE 2016-1(C)(7)

Notice is hereby given that pursuant to Local Bankruptcy Rule 2016-1(C)(7)(a), you have ten (10) business days from the meeting of creditors in this case in which to file an objection with the court to the fees requested in this disclosure of compensation opposing said fees in their entirety, or in a specific amount.

### PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Notice was served upon the debtor(s), the standing Chapter 13 Trustee, and U. S. Trustee pursuant to Interim Procedure 2016-1(C)(7)(a) and Local Bankruptcy Rule 2002-1(D)(1)(f), by first-class mail or electronically.

*Date*

*Signature of Attorney*

B 201A (Form 201A) (12/09)

**WARNING: Effective december 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Eastern District of Virginia

In re    **Jon D. Luria**
      **Ellen K. Luria**                                         Case No. _____

                                      Debtor(s)             Chapter    **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

     I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this attached notice, as required by § 342(b) of the Bankruptcy Code.

_____

Printed name and title, if any, of Bankruptcy Petition
Preparer
Address:

Social Security number (If the bankruptcy
petition preparer is not an individual, state
the Social Security number of the officer,
principal, responsible person, or partner of
the bankruptcy petition preparer.) (Required
by 11 U.S.C. § 110.)

X _____

Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose
Social Security number is provided above.

### Certification of Debtor

     We, the debtors, affirm that we have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Jon D. Luria** | | |
|---|---|---|
| **Ellen K. Luria** | X **/s/ Jon D. Luria** | **May 24, 2010** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X **/s/ Ellen K. Luria** | **May 24, 2010** |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
### Eastern District of Virginia

In re  **Jon D. Luria**
**Ellen K. Luria**

Debtor(s)

Case No.

Chapter  **7**

# VERIFICATION OF CREDITOR MATRIX

Under penalty of perjury, I (we) do hereby verify that the attached list of names and addresses of creditors is true and correct to the best of my (our) knowledge and belief.

Date:  May 24, 2010

**/s/ Jon D. Luria**
**Jon D. Luria**
Signature of Debtor

Date:  May 24, 2010

**/s/ Ellen K. Luria**
**Ellen K. Luria**
Signature of Debtor

American Express
P.O. Box 1270
Newark, NJ 07101-1270


American Motorists Insur. Co.
c/o Elizer & Meyerson, LLC
900 Skokie Blvd., #100
Northbrook, IL 60062


Aquia Duck, LLC
c/o Chesapeake Management
1066 30th St.
Washington, DC 20007


Audi Financial Services
P.O. Box 17497
Baltimore, MD 21297


Barry F. Levin, Esq.
Saul Ewing LLP
500 E. Pratt Street, #900
Baltimore, MD 21202-3133


Burgess & Niple, Inc.
c/o Carrie Frank, Esq.
9200 Church St., #400
Manassas, VA 20110


Capital One
P.O. Box 71083
Charlotte, NC 28272


Commonwealth of Virginia
Department of Taxation
Legal Unit, P.O. Box 2156
Richmond, VA 23218


Design Physics
c/o Wayland Hundley, Esq.
P. O. Box 14568
Richmond, VA 23221


Dimuro Ginsberg, P. C.
908 King. Street, #200
Alexandria, VA 22314

```
GMAC Mortgage
3451 Hammond Ave.
Waterloo, IA 50704


Gosnell Properties, Inc.
8130 Boone Blvd.
Vienna, VA 22182


Internal Revenue Service
400 N. 8th St., Box 76
Stop Room 898
Richmond, VA 23219


Internal Revenue Service
Department of Treasury
Atlanta, GA 39901


Jade Birchwood City, LLC
8230 Old Courthouse Road, #205
Vienna, VA 22182


John Bennison
560 N Street, S.W.
#N8909
Washington, DC 20024


Kemper Insurance Co.
c/o Elliot Jay Mardsen, Esq.
1 N. Charles St., #2300
Baltimore, MD 21201


Lara, Shull & May, LLP
c/o Chesapeake Management
1066 30th St.
Washington, DC 20007


Leach, Travell, Britt, P.C.
8270 Greensboro Drive, #1050
Mc Lean, VA 22102


Lynne Kauffman
c/o Barry F. Levin, Esq.
500 E. Pratt Street, #900
Baltimore, MD 21202-3133
```

```
M & T Bank
9214 Center St., 3rd Floor
Manassas, VA 20110


Mercedes-Benz Financial
P. O. Box 9001680
Louisville, KY 40290


Reed Smith LLP
3110 Fairview Park Drive
Falls Church, VA 22042


Robert Koenig
c/o Gerald Chapman
P.O. Box 5901
Bethesda, MD 20824


Stanley Smith
c/o Gerald Chapman
P.O. Box 5901
Bethesda, MD 20824


Tiffany M. Releford, Esq.
Whiteford Taylor & Preston
1025 Connecticut Ave, NW #400
Washington, DC 20036


Trisun Financial
1777 Reisterstown Rd., #135E
Pikesville, MD 21208


United States Surety Co.
20 W. Aylesbury Rd.
Perryville, MD 21903


Vinod & Eileen Rustgi
c/o Brian Loffredo, Esq.
8171 Maple Lawn Blvd., #200
Fulton, MD 20759


Webster Realty Co.
c/o Thomas Stanton, Esq.
221 S. Fayette St.
Alexandria, VA 22314
```

Westbriar Condominium Assoc.
c/o Select Community Svs., LLC
PO Box 221350
Chantilly, VA 20153


Wilson Investment Co.
683 S. Alfred St.
Alexandria, VA 22314

B22A (Official Form 22A) (Chapter 7) (04/10)

| In re | Jon D. Luria |
|---|---|
| | Ellen K. Luria |
| | Debtor(s) |
| Case Number: | |
| | (If known) |

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly.  Unless the exclusion in Line 1C applies, joint debtors may complete a single statement.  If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.**  If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.**  If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>■ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.**  Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which  your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends**.<br><br>☐ **Declaration of Reservists and National Guard Members.**  By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>   a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>     ☐ I remain on active duty /or/<br>     ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>     OR<br><br>   b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>     ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (04/10)                                                                          2

| | Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a.  ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b.  ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c.  ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d.  ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | | Column A<br><br>Debtor's<br>Income | Column B<br><br>Spouse's<br>Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |
| 4 | **Income from the operation of a business, profession or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>|  | Debtor | Spouse |<br>\|---\|---\|---\|<br>\| a. \| Gross receipts \| $ \| $ \|<br>\| b. \| Ordinary and necessary business expenses \| $ \| $ \|<br>\| c. \| Business income \| Subtract Line b from Line a \| \| | $ | $ |
| 5 | **Rents and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>\|  \| \| Debtor \| Spouse \|<br>\|---\|---\|---\|---\|<br>\| a. \| Gross receipts \| $ \| $ \|<br>\| b. \| Ordinary and necessary operating expenses \| $ \| $ \|<br>\| c. \| Rent and other real property income \| Subtract Line b from Line a \| \| | $ | $ |
| 6 | **Interest, dividends, and royalties.** | $ | $ |
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act     Debtor $ _____  Spouse $ _____ | $ | $ |
| 10 | **Income from all other sources.** Specify source and amount.  If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>\|  \| \| Debtor \| Spouse \|<br>\|---\|---\|---\|---\|<br>\| a. \| \| $ \| $ \|<br>\| b. \| \| $ \| $ \|<br><br>Total and enter on Line 10 | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B.  Enter the total(s). | $ | $ |

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence: _____   b. Enter debtor's household size: _____ | $ |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero.<br><br>a. _____ $ ___<br>b. _____ $ ___<br>c. _____ $ ___<br>d. _____ $ ___<br>Total and enter on Line 17 | $<br><br><br><br><br><br>$ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $ |

| Household members under 65 years of age | | Household members 65 years of age or older | |
|---|---|---|---|
| a1. | Allowance per member | a2. | Allowance per member |
| b1. | Number of members | b2. | Number of members |
| c1. | Subtotal | c2. | Subtotal |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

B22A (Official Form 22A) (Chapter 7) (04/10)                                                                 4

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** <table><tr><td>a.</td><td>IRS Housing and Utilities Standards; mortgage/rental expense</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net mortgage/rental expense</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: _____ | $ |
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0   ☐ 1   ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ☐ 2 or more. Enter, in Line a below,  the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.**  Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.  **Do not enter an amount less than zero.** <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.**  Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |

B22A (Official Form 22A) (Chapter 7) (04/10)                                                    5

| | | |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

<table>
<tr><td colspan="3" align="center"><b>Subpart B: Additional Living Expense Deductions</b><br><b>Note: Do not include any expenses that you have listed in Lines 19-32</b></td></tr>
</table>

| | | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr></table> Total and enter on Line 34. **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92[*] per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

[*] Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to casses commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (04/10)                                                                6

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

<table>
<tr><td colspan="3" align="center"><b>Subpart C: Deductions for Debt Payment</b></td></tr>
<tr>
<td>42</td>
<td>

**Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42.

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐yes ☐no |
| | | | Total: Add Lines | |

</td>
<td>$</td>
</tr>
<tr>
<td>43</td>
<td>

**Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

</td>
<td>$</td>
</tr>
<tr>
<td>44</td>
<td>

**Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.**

</td>
<td>$</td>
</tr>
<tr>
<td>45</td>
<td>

**Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense.

| a. | Projected average monthly Chapter 13 plan payment. | $ |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

</td>
<td>$</td>
</tr>
<tr>
<td>46</td>
<td>

**Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45.

</td>
<td>$</td>
</tr>
</table>

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

| | **Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION** | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

B22A (Official Form 22A) (Chapter 7) (04/10)                                                                                                7

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,025***. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025*, but not more than $11,725*.** Complete the remainder of Part VI (Lines 53 through 55). | |
|---|---|---|
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**  Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. | |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date:  **May 24, 2010**          Signature:  **/s/ Jon D. Luria**<br>                                                         **Jon D. Luria**<br>                                                         *(Debtor)*<br><br>Date:  **May 24, 2010**          Signature  **/s/ Ellen K. Luria**<br>                                                         **Ellen K. Luria**<br>                                                   *(Joint Debtor, if any)* |
|---|---|

---

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# United States Bankruptcy Court
## Eastern District of Virginia

In re  **Jon D. Luria**
**Ellen K. Luria**

Case No.

Debtor(s)                    Chapter    **7**

## DECLARATION OF EXEMPTION FROM MEANS TEST

**NOTE:**  In joint cases that involve non-consumer debts, this determination must be made for each debtor, separately, based upon each debtor's personal liability for non-consumer debts.

☐            **For Individual Debtor:**

DEBTOR declares under penalty of perjury that he/she is not an individual with primarily consumer debts as that term is defined by Section 101(8) of the Bankruptcy Code.  For purposes of this determination, "primarily" means more than fifty percent of the DEBTOR'S total debt.

☒            **For Joint Debtors:**

Each of the undersigned DEBTORS declares under penalty of perjury that he/she is not an individual with primarily consumer debts as that term is defined by Section 101(8) of the Bankruptcy Code.  For purposes of this determination, "primarily" means more than fifty percent of each individual DEBTOR'S total debt.

Date   **May 24, 2010**                    Signature    /s/ Jon D. Luria
                                                        **Jon D. Luria**
                                                        Debtor

Date   **May 24, 2010**                    Signature    /s/ Ellen K. Luria
                                                        **Ellen K. Luria**
                                                        Joint Debtor