## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

IN RE: JON D. LURIA     CASE NO. 10-14274-SSM
   ELLEN K. LURIA    CHAPTER 7

  **Debtor(s)**
_____

| | |
|---|---|
| **G. W. INVESTMENTS, INC.** | ) |
| | ) |
|  **Plaintiff,** | ) |
| | ) |
|    **v.** | ) |
| **JON D. LURIA** | ) |
| | ) |
| **ELLEN K. LURIA** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **GORDON P. PEYTON, TRUSTEE** | ) |
| | ) |
|  **Defendants.** | ) |
| _____ | ) |

### MOTION FOR RELIEF FROM STAY WITH NOTICE OF MOTION PURSUANT TO LOCAL BANKRUPTCY RULE 4001(a)-1.

  **Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).

  If you do not wish the Court to grant the relief sought in the motion, or if you want the Court to consider your views on the motion, then within fourteen (14) days from the date of service of this motion, you or your attorney must:

1. File a written response with the Bankruptcy Court explaining your position with the court at the following address: **Clerk of the Court, United States Bankruptcy Court 200 South Washington Street, Alexandria, VA  22314,** and serve a copy on the movant. Unless a written response is filed and served within a fourteen (14) day period, the Court

may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the fourteen (14) day period.

2.     Attend a preliminary hearing on **October 27, 2010 at 9:30 AM** o'clock in at the **United States Bankruptcy Court, Courtroom I, 200 South Washington Street, Alexandria, VA 22314.**  If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.

3.     A copy of any written response must also be mailed to the following persons:

> Stephen K. Christenson, Esquire
> Stephen K. Christenson, P. C.
> 4160 Chain Bridge Road
> Fairfax, Virginia 22030
>
> Gordon P. Peyton, Trustee
> 510 King Street, Suite 301
> Alexandria, Virginia 22314

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

**NOTICE TO DEBTOR:     Failure to file a written response to this motion with the Clerk of the United States Bankruptcy Court and to send Plaintiff a copy within 14 days from date of certificate of service may result in entry of a default judgment.**

## MOTION FOR RELIEF FROM STAY

**NOTICE TO DEBTOR:    Failure to file a written response to this motion with the Clerk of the United States Bankruptcy Court and to send Plaintiff a copy within fourteen (14) days from date of certificate of service may result in entry of a default judgment.**

**COMES NOW** your Plaintiff, **G. W. INVESTMENTS, INC.,** by Counsel, and files this Motion for Relief from Stay to terminate, annul, modify, or condition the automatic stay pursuant to 11 U.S.C. §362(d), and in support thereof states the following:

1.      This Court has proper jurisdiction over the matters herein alleged pursuant to 28 U.S.C. §1334.  This matter constitutes a core proceeding within the meaning of 28 U.S.C. §157 and a contested matter under Rules of Bankruptcy procedure 4001 and 9014.

2.      On May 24, 2010, Debtor(s) filed a petition under Chapter 7 of the United States Bankruptcy Code.

3.      Plaintiff is a secured creditor of the debtor by virtue of the fact that it holds a priority Deed of Trust **Note dated December 30, 2001**, in the original principal amount of **$500,000.00** as set forth in the Fairfax County Land Records as **Deed Book 12453 at page 1285.**

4.      Said Note is secured by Deed of Trust on property owned by the debtors located **7024 Green Oak Drive, Mclean, Virginia 22102** and more particularly described as **BEGINNING at an existing iron pipe, said pipe being the northeastern corner of the parcel and common to the parcel herein described, Lot 2D Payne and n/f Payne, and runs thence with the line of n/f Payne North 79 degrees 57 minutes 00 seconds West, 99.78 feet to an existing iron pipe; thence continuing with the line of n/f Payne North 27 degrees 20 minutes 00 seconds East, 586.95 feet to a point in the Potomac River, passing over an existing iron pipe located on the southern edge of a Potomac Power Company easement at 507.70 feet;**

thence with the northern edge of said Potomac Power Company easements North 89 degrees 50 minutes 40 seconds East, 285.54 feet to a point in the Potomac River common to the property herein described and Lot 2D Payne and runs thence with the line of Lot 2D Payne South 40 Degrees 15 minutes 00 seconds West, 707.00 feet, passing over an existing iron pipe at 151.00 feet to the beginning, containing 2.406 acres more or less.

TOGETHER WITH a non-exclusive easement for ingress/egress purposes as set forth in the instrument recorded in Deed Book 8003 at page 219 among the aforesaid land records.

5.    Debtor has failed to make timely payments under the terms of the said Note and is at the time of this filing delinquent for Principal in the amount of $250,000.00, unpaid Interest in the amount of $46,249.66. unpaid late charges in the amount of $4,750.00, NSF Fees in the amount of $96.00 and other fees in the amount of $905.00 for a total payment arrearage of approximately $302,000.66 exclusive of the costs of the present proceeding.

6.    There is no equity in the aforesaid property for the benefit of the Debtor or Debtor's estate when costs of sale and tax consequences are included, as evidenced by the following:

a.    According to the Assessor's Office for the City of Alexandria, the property has an assessed value of $3,939,760.00 for real estate tax purposes.

b.    The amount necessary to pay off the Note is approximately $303.350.61 as of the date of this filing, with daily interest in the amount of $83.33, exclusive of the costs of this proceeding.

c.    GMAC Mortgage, LLC as servicer for the Bank of New York Mellon Trust Company has a Second Deed of Trust in the original principal amount of $3,705,000.00, recorded in Deed Book 16239 at page 753.

d.     First Savings Mortgage Corporation has a Credit Line Third Deed of Trust recorded in deed Book 16307 at page 238, securing a Note in the amount of $150,000.00.

e.     Harbourton Financial Corporation has a Fourth Deed of Trust recorded in Deed Book 16466 at page 964 in the original amount of $4,494,200.00 with modification recorded in Deed book 16671 at page 234 creating a severance into Westbriar in the amount of $4,244,200.00 and the defendants in the amount of $705,800.00 for a total modified amount of $4,950,000.00

f .    Comstock Countryside L.C. has a Fifth Deed of Trust recorded in Deed Book 17021 at page 1294 in the amount of $600,000.00

7.     The arrearages aforementioned are increasing on a daily basis, to the detriment of Plaintiff's interests.

8.     Plaintiff has not been offered adequate protection for its interests, nor is Debtor presently able to provide adequate protection to the Plaintiff.

9.     The aforesaid property is not necessary for an effective reorganization.

10.    Plaintiff is being injured by its inability to proceed against the property securing the indebtedness due to the automatic stay provided for in 11 U.S.C. □362.

**WHEREFORE**, these premises considered, Plaintiff moves this Court to grant it full relief from the automatic stay provisions of 11 U.S.C. □362 or, if full relief cannot be had, to grant such other relief as may seem proper to the Court.

<u>**G. W. INVESTMENTS, INC.**</u>
By Counsel

STEPHEN K. CHRISTENSON, P.C.

By:___/s/ Stephen K. Christenson
       Stephen K. Christenson
       VSB # 14953
       4160 Chain Bridge Road
       Fairfax, Virginia 22030
       Tel:     (703) 591-3445/ Fax:  (703) 591-5787

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing Motion with Notice of Hearing was mailed first-class, postage prepaid this 8th day of October, 2010, to:

Jon D. Luria
7024 Green Oak Drive
McLean, VA 22101
Debtor(s)

Ellen K. Luria
7024 Green Oak Drive
McLean, VA 22101
Debtor(s)

Gordon P. Peyton, Trustee
510 King Street, Suite 301
Alexandria, Virginia 22314
Chapter 7 Trustee

Robert M. Marino, Esq.
510 King Street, Suite 301
Fairfax, Virginia 22030
(703) 691-1642
Debtor's Counsel

Eric David White
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
Counsel for GMAC

Christopher A. Jones
3190 Fairview Park Dr.
Suite 300
Falls Church, VA  22042
Counsel for Westbriar Condominium Unit Owners Association
Counsel for Recovery Management Systems Corporation

Kevin R. McCarthy
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
Counse for McCarthy & White, PLLC

Jack Frankel
Office of the U.S. Trustee
115 South Union Street
Suite 210
Alexandria, VA 22314
Counsel for W. Clarkson McDow, Jr.II
Office of the U.S. Trustee

/s/ Stephen K. Christenson
Stephen K. Christenson