Kevin R. McCarthy, VSB No. 14273
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
703-770-9261
krm@mccarthywhite.com
Attorneys for the Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | * |
| | * |
| JON D. LURIA, | *   Case No. 10-14274-BFK |
| ELLEN K. LURIA, | *   (Chapter 7) |
| Debtor(s). | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORDER GRANTING TRUSTEE'S MOTION TO SELL PROPERTY
OF THE ESTATE BACK TO DEBTOR

Upon Consideration of the Trustee's Motion To Sell Property Of The Estate Back To Debtor ("the Motion"), and any response, it is

ORDERED, that the Motion be, and hereby is, GRANTED, and the Trustee is authorized to sell property of the estate pursuant to 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004(a)-(b) on the terms and conditions set forth in the Notice Of Intention To Sell Property Of The Estate filed in connection with the Motion and to take any actions provided therein without further Order of the Court, namely:

PROPERTY FOR SALE:  Debtor Ellen K. Luria's one-third interest in real property located at 701 Southwest 141st Avenue, 213R, Pembroke Pines, Florida ("the Property").

LEGAL DESCRIPTION OF REAL PROPERTY FOR SALE:  Plymouth at Century Village No. 3, Unit 213 Building R, Parcel No. 51-40-15-AA-1990, Broward County, Florida (one-third interest).

INTEREST BEING SOLD:  Debtor Ellen K. Luria's entire one-third fee simple interest in the Property.

TYPE OF SALE:  Private.

PRIVATE SALE PRICE:  $16,000.

APPRAISAL VALUE:  Not available.  2010 assessment for Property was $69,680.

Property was sold by Debtor Ellen K. Luria and the two co-owners (her sisters) to a third party on June 16, 2011 for $62,000, with a net to the three sellers of $54,851.00. The Trustee understands that carrying costs for the Property, which was acquired by the Debtor Ellen K. Luria and her two sisters through inheritance or devise from their relative Muriel H. Slater, totaled about $500 per month. As a result, the actual market value for the Property is consistent with the agreed sale price between the Trustee and Ellen K. Luria, which was paid on December 31, 2010 with no sale or carrying costs.

BUYER: Debtor Ellen K. Luria.

TIME AND PLACE OF SALE: Upon Court approval. Debtor has already paid the Trustee the agreed sale price of $16,000. As a practical matter, no closing will be necessary because the Property was already in the name of the Debtor and her two sisters and has already been sold to a third party.

LIENS: None.

DEBTOR'S EXEMPTIONS: None.

TAX CONSEQUENCES TO ESTATE BY SALE: None, because the Debtor Ellen K. Luria's one-third interest in the Property was acquired relatively recently through inheritance or devise and as a result presumably has a tax basis approximately equal to the agreed sale price. In addition, the Property was originally purchased by the Debtor's relative Muriel H. Slater for $77,000 in 1998 and, the Trustee believes, was Ms. Slater's home and not a rental property. If that is correct, then there is no capital gain even without any stepped-up basis resulting from Ms. Slater's death.

NET SALE PROCEEDS PAID TO ESTATE: $16,000.

Date: _____

_____
Brian F. Kenney
U.S. Bankruptcy Judge

I ask for this:

/s/ Kevin R. McCarthy
Kevin R. McCarthy, VSB No. 14273
McCarthy & White, PLLC
1751 Pinnacle Drive – Suite 1115
McLean, VA 22102
703-770-9261
krm@mccarthywhite.com
Attorneys for Trustee

Local Rule 9022-1(C) Certification

  The foregoing Order was endorsed by all necessary parties or served upon all necessary parties as indicated in the Certificate of Service attached to the Motion, pursuant to Local Rule 9022-1(C).

                /s/ Kevin R. McCarthy
                Kevin R. McCarthy

PARTIES TO RECEIVE COPIES

all registered ECF participants who have appeared in this case